

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

July 27, 2022

**Via ECF**
The Honorable Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Ayala v. J.B. 366 Food Corp., et al.**
    **21-CV-4665 (RML)**

Dear Judge Levy:

Our office represents Daniel Ayala (collectively, "Plaintiff") and we submit this motion jointly with counsel for J.B. 366 Food Corp. and Juan Frank Batista (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following Court-annexed mediations on May 3, 2022 and June 14, 2022.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

**I.    The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

    **a.    The Settlement Amount**

The parties agreed to resolve all claims asserted in this action, including Plaintiff's counsel's attorneys' fees, which are addressed below, for the global amount of $25,000.00.

    **b.    Plaintiff's Position**

Plaintiff brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiff alleged that, as a former landscaper of Defendants, that he was not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week.

As the Complaint was filed in August 2021, Plaintiff's claims under the FLSA and NYLL statutes of limitations commenced in August 2015. Within the relevant statutory period, Plaintiff alleged that he was employed by Defendants from in or around August 2015 until in or around September 2019. Plaintiff further alleged that he was regularly required to work up to sixty (60) hours per week.

Although Plaintiff worked in excess of 40 hours per week, Plaintiff alleged that he was compensated at a flat weekly salary ranging from $600.00 to $750.00 per week within the relevant statutory period. As such, Plaintiff alleged that he was not properly compensated for up to 20 hours of overtime worked each week during the relevant statutory period.

Additionally, Plaintiff claimed that he was entitled to recovery under NYLL §195 for Defendants' failure to provide proper wage notices and wage statements as Plaintiff was compensated in cash.

In advance of the parties' mediation, Defendants produced time and pay records for Plaintiff's employment within the relevant statutory period. Defendants' time records generally indicated fewer hours than alleged by Plaintiff and Defendants' pay receipts indicated that Defendants paid Plaintiff hourly rates of pay. These records also purportedly included Plaintiff's signature. Our office reviewed these records with Plaintiff, who specifically disputed the amounts of pay received according to Defendants' receipts and questioned whether it was his signature on such documents. In short, Plaintiff maintained factual disputes, particularly as to the amounts that he was paid each week and whether he was paid by a weekly salary or an hourly rate of pay.

Although Plaintiff was confident that he would prevail at trial, Plaintiff's preference was for a guaranteed outcome and payment via Court-approved settlement. Plaintiff considered the defenses and records maintained by Defendants and the risks and expenses of protracted discovery and litigation. Plaintiff also acknowledged the potential probative value of the records provided by Defendants and their potential effect on Plaintiff's testimony as to the number of hours worked each week and the amount of pay received each week. As such, Plaintiff made a practical decision to reach an early resolution of his claims asserted herein.

### c. Defendants' Position

As indicate above, in response to Plaintiff's allegations Defendants produced time and pay records for Plaintiff's employment within the relevant statutory period. Defendants' time records contradicted may of the assertions made by the Plaintiff and Defendants are confident that they had valid defenses to Plaintiff's claims.

Nevertheless, although Defendants were confident that at trial they would prevail on most Plaintiff's claims, there remained a risk that certain evidence could lend itself to alternate interpretations. As such, Defendants decided to avoid the additional risk of litigation and settle for a sum certain.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $38,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses and records maintained by Defendants in this matter. Moreover, the settlement amount was only achieved after two mediation sessions before a qualified and experienced Court-appointed mediator with all parties present. The parties had genuine, bona fide disputes over the hours worked by Plaintiff and the pay received by Plaintiff, but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

## II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement is appropriately-tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III.   Distribution to Plaintiff and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiff

The parties agreed to a global settlement of $25,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiff will recover $16,031.34.00 after the requested attorneys' fees and expenses.

#### b. Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $953.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the cost of the Court-annexed mediation: $300.00
- the costs of service of the Summons and Complaint on Defendants: $251.00

Additionally, Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($24,047.00), or $8,015.66 in attorneys' fees, as agreed upon in Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $8,968.66.

As such, the settlement funds as broken down into its component parts is as follows:

**Settlement Amount:** $25,000.00
**Attorneys' Expenses:** $953.00
**Net Settlement Amount:** $24,047.00 ($25,000.00 - $953.00)
**Requested Attorneys' Fees:** $8,015.66 ($24,047.00 / 3)
**Total payable to Attorneys:** $8,968.66 ($8,015.66 + $953.00)
**Total payable to Plaintiff:** $16,031.34 ($25,000.00 - $8,968.66)

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation of both matters and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their client throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

## IV. <u>Closing</u>

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of the Court-annexed mediation program. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

        Respectfully submitted,

        *James O'Donnell*
        James O'Donnell, Esq.